BROWN *et al. v.* RECKNAGEL *et al.*

(*Superior Court of New York City, General Term.*   January 7, 1889.)

1. PRINCIPAL AND AGENT—PAYMENT TO AGENT—BOOK ENTRIES.
    In an action for services performed by plaintiffs' decedent, the question was as to whether various sums of money paid by defendants to one M. were paid to him, as contended by defendants, as decedent's agent, to be deducted from the amount due decedent for his services, or whether such sums were paid to M. on his individual responsibility. *Held,* that entries made in the books of defendants, charging the sums paid to M. to decedent, and which were brought out on cross-examination of M. by plaintiffs, were not conclusive in favor of defendants.

2. SAME—VERDICT.
    In such case, where the sums paid by defendants were about equal to the amount of plaintiffs' claim, a verdict for about one-half that amount will not be regarded as inconsistent and illogical where such verdict is rendered under an instruction, not excepted to, to the effect that if the jury should find that any one of the various payments was meant to be on account of the decedent, and others were made specially to M. himself, then they should find accordingly.

Appeal from jury term.

Action by Robert Brown and Phœbe A. Grapel, as administrators of Gerhard Henry Koop, against Carl L. Recknagel and Rudolph Pagenstecher. On the trial it was developed on the cross-examination by plaintiffs of one Manning that certain sums of money paid to Manning by the defendants, and which the latter claimed to have made on account of Koop, were charged on defendants' books to Koop. Judgment was given for plaintiffs, and defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Seward, Da Costa & Guthrie*, for appellants.   *Henry G. Atwater*, for respondents.

FREEDMAN, J.   This action was brought by the plaintiffs to recover $831.67 for commissions earned by their intestate, Gerhard Henry Koop, under a certain contract with the defendants for the prosecution and collection of certain claims of the defendants. The defendants, at the trial, insisted that Koop had done a large part of the work necessary to be done through an attorney, Jerome F. Manning; that Koop had authorized Manning to collect from the defendants money to be used in the prosecution of the claims under an agreement that the amounts so advanced should be deducted from the amount of the commissions to be earned by Koop; and that pursuant to such authority Manning had made such an agreement with the defendants, and upon the faith of such agreement the defendants had paid to Manning various sums of money,

amounting in the aggregate to about $750. The substantial controversy at the trial was as to whether the defendants had paid these sums on Koop's account or on the individual responsibility of Manning. The only direct evidence adduced on this point by the defense was the testimony of Manning. He was not only impeached, but the force of his testimony was weakened by the fact, among other things, that at one time he had given to the defendants his individual note for one of the sums so obtained, and that none of the moneys had been paid over to Koop. The entries on the books of the defendants, which got into the case on the cross-examination of Manning, were not conclusive. The issue was submitted to the jury, who found a verdict for the plaintiffs for $400. The defendants now claim that this verdict is inconsistent and illogical, and therefore contrary to the evidence.

In submitting the issue above referred to to the jury, the trial judge, among other things, charged as follows, viz.: "If you find that there is any reasonable distinction which ought to be applied between these various payments, that is to say, that there is evidence before you that one was meant to be a payment on account of Mr. Koop, and another made specially to Mr. Manning himself, you will treat the account accordingly as you, as merchants, understand. On the other hand, if you think that they were all covered by the same general idea, you will find accordingly." To this part of the charge no exception was taken, although the defendants did except to a prior part of the charge, which left it for the jury to say whether the money was advanced to Manning on his own individual responsibility. Under this instruction the jury discriminated, and the result of their discrimination is not to be set aside solely for the reason that it is not apparent how they arrived at the result. Suffice it to say that under the whole charge and upon the whole case no sufficient reason appears why the verdict should be set aside. There was no error calling for reversal in the admission or rejection of evidence, or in the charge as delivered, and none of the exceptions taken are tenable. The judgment and order should be affirmed, with costs. All concur.